UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KIMBERLY YARGEAU, on behalf of herself and all others so similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>FEDERAL NATIONAL MORTGAGE ASSOCIATION, FEDERAL HOUSING FINANCE AGENCY, WELLS FARGO BANK, N.A.,<br><br>    Defendants. | CIVIL ACTION NO. 4:21-cv-40033-TSH |

**DEFENDANTS' MOTION FOR LEAVE TO REPLY
TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS**

Defendants, Federal National Mortgage Association ("Fannie Mae"); Federal Housing Finance Agency ("FHFA"); and Wells Fargo Bank, N.A. ("Wells Fargo," together with Fannie Mae and FHFA, the "Defendants"), hereby request leave to file brief reply memoranda to Plaintiff's Opposition to the Defendants' Motions to Dismiss. (*See* ECF No. 31, the "Opposition.")

The Defendants request leave to submit reply memoranda to address arguments raised by the Plaintiff that were not part of the original complaint and which the Defendants therefore could not have addressed in their opening memoranda of law. Specifically, the Opposition asks this Court to ignore *Montilla v. Fed. Nat'l Mortg. Ass'n*, 999 F.3d 751 (1st Cir. 2021), which conclusively held that FHFA and Fannie Mae are not government actors for due process purposes. Instead, the Opposition points to certain language in *Collins v. Yellen*, 141 S. Ct. 1761, 210 L. Ed. 2d 423 (2021), which the Plaintiff suggests overruled critical elements of the *Montilla* decision. The Defendants request leave to file replies in order to demonstrate that the Plaintiff's arguments as to *Collins* are baseless and that *Montilla* remains good law. The Defendants will show that *Collins* is not on point and that the First Circuit has already rejected attempts to revisit *Montilla* based on the

*Collins* decision.  Further, Defendants will explain why Plaintiff's Opposition does not adequately respond to arguments made by Defendants in their motions to dismiss.

If granted leave, the Defendants propose filing their replies on or before <u>February 25, 2022</u>.

**WHEREFORE**, pursuant to Local Rule 7.1(b)(3), Defendants, Federal National Mortgage Association; Federal Housing Finance Agency; and Wells Fargo Bank, N.A. move this Court for leave to file replies to Plaintiff's Opposition to the Defendants' Motions to Dismiss.

*[SIGNATURE PAGE FOLLOWS]*

1016306\310082993.v1

FEDERAL NATIONAL MORTGAGE
ASSOCIATION and FEDERAL HOUSING
FINANCE AGENCY

By: Their Attorneys

*/s/ Samuel C. Bodurtha*
Samuel C. Bodurtha, BBO #665755
Kevin W. Manganaro, BBO #690082
HINSHAW & CULBERTSON LLP
53 State Street, 27th Floor
Boston, MA 02109
617-213-7000
617-213-7001 (facsimile)
sbodurtha@hinshawlaw.com
kmanganaro@hinshawlaw.com

FEDERAL HOUSING FINANCE AGENCY

By: Its Attorney

*/s/ Michael A. F. Johnson*
Michael A. F. Johnson (*admitted pro hac vice*)
ARNOLD & PORTER KAY SCHOLER LLP
601 Massachusetts Avenue, NW
Washington, DC 20001
202-942-5000
202-942-5999 (fax)
Michael.johnson@arnoldporter.com

WELLS FARGO BANK, N.A.

By: Its Attorneys

*/s/ Sean R. Higgins*
Jeffrey S. Patterson, BBO# 671383
Sean R. Higgins, BBO #659105
K&L GATES LLP
State Street Financial Center
One Lincoln Street
Boston, MA 02111
617-261-3100
617-261-3175 (fax)
Jeffrey.patterson@klgates.com
sean.higgins@klgates.com

Dated:   February 11, 2022

1016306\310082993.v1

## CERTIFICATE OF SERVICE

I, Samuel C. Bodurtha, hereby certify that the documents filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

*/s/ Samuel C. Bodurtha*
Samuel C. Bodurtha

## CERTIFICATION PURSUANT TO LOCAL RULE 7.1

I, Kevin W. Manganaro, hereby certify that I attempted to confer with Plaintiff's counsel concerning this Motion for Judgment on the Pleadings, in accordance with Local Rule 7.1.

/s/ *Kevin W. Manganaro*
Kevin W. Manganaro